AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br><br>v.<br><br>**ANGELA KELLOGG and CHRISTOPHER TORRES**<br><br>*Defendant* | Case No. 24-mj-1207<br>(Filed Under Seal) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

In or about July 2020 to in or about October 2020, the exact dates being unknown, in the Western District of New York, and elsewhere the defendants **ANGELA KELLOGG** and **CHRISTOPHER TORRES** did knowingly violated and conspired to violate Title 18, United States Code, Sections 371 and 641, offenses described as follows:

The defendants conspired to defraud the United States, and knowingly did steal, embezzle, and convert to their use or the use of another, a thing of value of the United States or any department or agency thereof, and receive, conceal, and retain the same with the intent to convert it to their own use or gain, knowing it to have been embezzled, stolen, or converted.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Sean P. Needham*
*Complainant's signature*

SEAN P. NEEDHAM
Special Agent
Homeland Security Investigations
*Printed name and title*

Affidavit submitted electronically
and sworn to telephonically.

Date: October 18, 2024

*Judge's signature*

City and State: Buffalo, New York

HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, **Sean P. Needham**, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging **ANGELA KELLOGG** (D.O.B - 5/XX/1991) and **CHRISTOPHER TORRES** (D.O.B. – 7/XX/1985) with violating Title 18, United States Code, Sections 371 (Conspiracy) and 641 (Theft of Government Funds).

2. I am a Special Agent with United States (U.S.) Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and have been so employed for approximately 17 years. I am currently assigned to the Office of the Special Agent in Charge, Buffalo, New York office to investigate crimes related to fraud and identity theft within the Western District of New York.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint. The facts set forth in this affidavit are based upon my personal knowledge; information obtained during my participation in this investigation, including information provided by other investigators, my review of documents, and computer records related to this investigation; and information gained through my training and experience. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that, on or about July 2020 and continuing through October 2020, the exact dates being unknown, KELLOGG and TORRES violating Title 18, United

1

States Code, Sections 371 (Conspiracy) and 641 (Theft of Government Funds).

## STATUTORY AUTHORITY

4.      Title 18, United States Code, Section 371 (Conspiracy to commit offense or defraud the United States) provides that: if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy . . .it is a violation of federal law.

5.      Title 18, United States Code, Section 641 (Theft of government property) provides that: whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted . . . it is a violation of federal law.

## BACKGROUND AND PROBABLE CAUSE

6.      The Unemployment Insurance (UI) system is a state-federal program that provides monetary benefits to eligible lawful workers. Although state workforce agencies (SWAs) administer their respective UI programs, they do so in accordance with federal laws and regulations. UI benefits or payments provide temporary financial assistance to lawful workers who were unemployed through no fault of their own.  Each state and federal territory

sets its own additional requirements for eligibility, benefit amounts, and length of time benefits to be paid.

7. The Puerto Rico Department of Labor and Human Resources ("P.R. DOL") administers the UI program for residents of Puerto Rico.

8. In or about March 2020, the Coronavirus Disease 2019 (COVID-19) pandemic was declared a national emergency. This expanded the P.R. DOL's ability to provide UI benefits.

9. The Families First Coronavirus Response Act, and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act were signed into law in response to the COVID-19 pandemic emergency. Both programs were funded by the United States federal government and provided additional flexibility for state UI agencies like the P.R. DOL to provide UI benefits to more Puerto Rican residents impacted by the COVID-19 pandemic. For instance, the CARES Act created new UI programs such as the Pandemic Unemployment Assistance; the Federal Pandemic Unemployment Compensation; and the Pandemic Emergency Unemployment Compensation (collectively, "CARES ACT UI Programs"), were federal funds used as UI benefits.

10. To receive UI benefits through the CARES ACT UI Programs from the P.R. DOL, however, claimants had to meet several eligibility requirements such as residing in Puerto Rico or having worked in Puerto Rico before the COVID-19 pandemic. For instance, claimants were required to apply through the P.R. DOL's online portal, and provide their personal identifying information, such as their name, mailing address, email, phone number,

social security number, date of birth, and employment history.

11.     Woodforest National Bank and Inner Lakes Federal Credit Union are financial institutions with bank branches located in the Western District of New York.

12.     From in or about July 2020 to in or about October 2020, the exact dates being unknown, in the Western District of New York, and elsewhere, the defendants, ANGELA KELLOGG and CHRISTOPHER TORRES, did knowingly, willfully and unlawfully combine, conspire and agree with others to defraud the United States through the P.R. DOL by interfering with and obstructing by means of deceit, craft, and trickery, the lawful and legitimate governmental functions of the P.R. DOL, that is, the regulation of the CARES ACT UI Programs in providing unemployment insurance benefits to eligible workers affected by the COVID-19 pandemic.

13.     The defendants had neither lived nor worked in Puerto Rico before July 2020, and as such, were ineligible to receive UI benefits through the CARES ACT UI Programs from the P.R. DOL.

14.     The goal of the scheme was for the defendants and others to use false and fraudulent statements, representations and documents, to receive UI benefits from the P.R. DOL, which they were not legally permitted to receive.

15.     As part of the scheme, the defendants, ANGELA KELLOGG and CHRISTOPHER TORRES, provided their personal identifiable information ("PII"), such as their name, social security number, and date of birth to another individual involved in the scheme. For instance, in or about July 2020, KELLOGG provided another individual

4

involved in the scheme with her PII, including her social security number and date of birth, which was used to submit a PUA Application on KELLOGG's behalf.

16.     The defendants' PII were used to complete "Pandemic Unemployment Assistance (PUA) COVID-19 Initial Application for the Self-Employed" ("PUA Applications") as part of the scheme, enabling the defendants to receive UI benefit payments, sent in the form of a check, for which they were not legally entitled.

17.     Upon information and belief, a PUA Application was submitted on TORRES' behalf on or about July 30, 2020, listing his PII such as his social security number and date of birth. A similar PUA Application was submitted on KELLOGG's behalf on or about August 19, 2020, listing her PII such as her social security number. In submitting or causing the applications to be submitted on their behalf, KELLOGG and TORRES falsely represented they had lived and worked in Puerto Rico prior to the COVID-19 pandemic.

18.     Upon information and belief, the P.R. DOL granted the defendants applications for unemployment benefits, and as a result, two separate checks, one for KELLOGG, and the other for TORRES, were mailed to addresses in Dunkirk, New York, which were retrieved by someone connected to the scheme, and delivered to KELLOGG and TORRES.

19.     The P.R. DOL check for KELLOGG totaled $11,586.00, and the check for TORRES totaled $11,454.00.

20.     On or about August 18, 2020, upon information and belief, TORRES opened a checking account in his name at Woodforest National Bank, which account ended in 7872,

and deposited the check he received from the P.R. DOL totaling $11,454.00. On or about August 27, 2024, TORRES withdrew approximately $10,000.00 in cash from the checking account. Upon information and belief, TORRES gave a portion of the funds he withdrew to other individuals involved in the scheme as payment for involving TORRES in the fraudulent scheme.

21. On or about September 2, 2020, KELLOGG deposited the check she received from the P.R. DOL totaling $11,586.00 into a savings account, which was opened in her name at Inner Lakes Federal Credit Union, which account ended in 2451. On or about October 9, 2020, KELLOGG withdrew approximately $11,000.00 in cash from the savings account. Upon information and belief, KELLOGG gave a portion of the funds she withdrew to other individuals involved in the scheme as payment for involving KELLOGG in the fraudulent scheme.

22. Your Affiant also received independent sources of information showing that KELLOGG and TORRES were aware of each other's involvement in the fraudulent scheme.

23. Based on the defendants' involvement in the fraudulent scheme, they received UI benefits funded through CARES ACT UI Programs for which they were not legally entitled.

## CONCLUSION

24. I submit that this affidavit supports probable cause for a Criminal Complaint charging ANGELA KELLOGG and CHRISTOPHER TORRES with violating Title 18, United States Code, Sections 371 (Conspiracy) and 641 (Theft of Government Funds).

**REQUEST FOR SEALING**

25. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits via the Internet, and disseminate them to other criminals as they deem appropriate. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

*Sean P. Needham*
_____
SEAN P. NEEDHAM
Special Agent
HSI Buffalo

Subscribed and sworn to electronically
on October 18, 2024.

_____
HON. JEREMIAH J. MCCARTHY
United States Magistrate Judge